IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:18-cr-00129-01

MARY HAYNES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's letter-form *Motion* (Document 146), requesting that she be released to home confinement due to the dangers of the COVID-19 pandemic. She indicates that social distancing is impossible in prison and cases would likely spread rapidly. She states that she has a history of being hospitalized for upper-respiratory infections and fears serious complications or death should she contract COVID-19. Her fear of the virus has led to panic attacks. In addition, she states that her father recently had two open-heart surgeries and is bed-ridden. Her two minor sons live with him, and the household has no transportation. The household expenses are covered by a monthly life insurance check, which would provide sufficient financial support to cover the costs of home confinement. She requests that she be released to serve the remainder of her sentence on home confinement at her father's house. The United States has not responded to the motion.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense. The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020).

On August 14, 2019, the Defendant was sentenced to 144 months of incarceration as a result of her conviction for aiding and abetting the distribution of five grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §841(a)(1). She was subject to enhanced penalties as a result of the filing of an Information pursuant to 21 U.S.C. § 851, resulting in a ten-year mandatory minimum sentence. The Career Offender provision of the Guidelines applied due to two prior convictions for operating or attempting to operate a clandestine drug lab. The Bureau of Prisons Inmate Finder provides an anticipated release date of August 31, 2028.

The Court understands the Defendant's concerns about the safety of incarceration during a pandemic as well as those regarding her family situation. However, the Court finds that the motion does not set forth the extraordinary and compelling circumstances necessary for a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A), nor do the § 3553(a) factors support early release. She is a career offender with repeated convictions for serious drug offenses. Her sentence constituted a significant downward variance from her guideline range of 262 to 327 months, and early release would lead to unwarranted disparity with other defendants with similar records.

Accordingly, after careful consideration, the Court **ORDERS** that the letter-form *Motion* (Document 146) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   December 4, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA