IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:18-cr-00129-01

MARY HAYNES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed a letter from the Defendant (Document 158), wherein she requests information about a change in the law regarding predicate convictions for the career offender enhancement. She indicates that the career offender enhancement applied in her case based on a predicate offense of attempt to operate a meth lab, and she cites a change in the law such that attempt and aiding and abetting charges for controlled substance offenses are no longer proper predicates for the enhancement. The Court has construed the letter as a motion for compassionate release.[1]

To the extent the letter could be construed as a motion for appointment of counsel, the Court finds that counsel is unnecessary. The Defendant's statements, both in this letter and in a previous motion for compassionate release, together with the original sentencing materials, are sufficient to permit the Court to fully evaluate the propriety of relief.

---

[1] The Defendant also has a pending motion pursuant to 28 U.S.C. § 2255, which is referred to a Magistrate Judge. The Court directed that the letter be filed in both cases so the availability of relief can be addressed under either provision.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A).[2] If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Fourth Circuit has established the following criteria for considering motions for compassionate release:

> A district court's decision whether to reduce a defendant's sentence under § 3582(c)(1)(A) generally entails three considerations. First, the court determines whether 'extraordinary and compelling reasons' support a sentence reduction. Second, the court considers whether granting such a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission.' Third, even if a court finds that extraordinary and compelling reasons warrant granting release, it retains the discretion to deny a defendant's motion after balancing the § 3553(a) factors.

*United States v. Gist*, No. 21-6893, 2022 WL 861821, at *1 (4th Cir. Mar. 23, 2022) (unpublished) (internal citations and punctuation omitted) (quoting from *United States v. High*, 997 F.3d 181 (4th Cir. 2021)). The analysis requires fact-specific inquiry into the defendant's circumstances and

---

2 The Court has no knowledge as to whether Ms. Haynes requested that the Bureau of Prisons file a motion for compassionate relief on her behalf on the grounds presented herein. In the interest of expeditious resolution, because the Court finds that the issue raised by Ms. Haynes does not support a reduction in her sentence under the facts of her case, the Court has not sought a response to the construed motion by the United States wherein the United States could raise exhaustion of administrative remedies.

offense. The Fourth Circuit has held that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (quoting *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018)).

The Defendant has previously requested compassionate release based on her concerns about COVID-19 in prison and her desire to provide care to her disabled father and minor children. The Court found that those facts did not constitute extraordinary and compelling circumstances, and that the 18 U.S.C. § 3553(a) factors did not support early release.

The Fourth Circuit has held that courts may properly find extraordinary and compelling circumstances when a sentence is unusually lengthy and disproportionate to the sentences now imposed for similar conduct following changes in sentencing law. *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020). While *McCoy* involved "stacked" mandatory minimum sentences imposed pursuant to the previous version of 18 U.S.C. § 924(c), the Fourth Circuit recently remanded a case for further consideration of a defendant's argument that one of his career offender predicates was invalid under current precedent, explaining that such arguments implicate the § 3553(a) factor instructing courts to consider the applicable Guideline range. *United States v. Thomas*, No. 21-7518, 2022 WL 1011933, at *1 (4th Cir. Apr. 5, 2022).

On August 14, 2019, the Defendant was sentenced to 144 months of incarceration as a result of her conviction for aiding and abetting the distribution of five grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §841(a)(1).  She was subject to enhanced penalties due to the filing of an Information pursuant to 21 U.S.C. § 851, resulting in a ten-year mandatory minimum sentence.  In calculating the Guideline range, the Court applied the Career Offender enhancement based on two prior West Virginia convictions for operating or attempting to operate a clandestine drug lab.  That resulted in a Guideline range of 262 to 327 months, from which the Court varied downward substantially.

The Fourth Circuit recently held that controlled substance attempt offenses are not proper predicates for career offender status.  *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022).  The court explained that "the least culpable conduct criminalized by the West Virginia statute [W.Va. Code §§ 60A-1-101(h); 60A-4-401(a)] is an attempt to deliver a controlled substance," and the predicate offense therefore could not support application of the career offender guideline.  *Id.* at 441–42.   Given that holding, Ms. Haynes is correct that her classification as a career offender was improper.  Absent that classification, the Guideline range based on the drug quantities involved in the offense and her criminal history would be 140 to 175 months (offense level 29 and criminal history category V).  This Court often varies downward in cases involving Ice based on a policy difference with the Guidelines' 10x multiplier for higher-purity methamphetamine versus methamphetamine mixtures.  Although higher-purity drugs may be more dangerous and warrant more significant sentences, part of the justification for the disparity in treatment rested on reasoning that higher-purity methamphetamine reflects a higher level of culpability and closer access to the source of the drugs.  Changes in the drug market have led to

4

more prevalent availability of high-purity methamphetamine, including among lower-level drug dealers. Treating the methamphetamine in this case as a meth mixture, rather than as Ice, would result in an offense level of 27, for a Guideline range of 120 to 150 months.

In imposing a sentence of 144 months, the Court carefully considered the § 3553(a) factors, including Ms. Haynes' criminal history and the nature of the offense. This offense involved significant quantities of methamphetamine. It was Ms. Haynes' third felony conviction for an offense involving methamphetamine. Repeatedly committing similar offenses, even after significant prison sentences, is an aggravating factor that demonstrates the need for a significant sentence to deter continued criminal conduct and to protect the public. While those prior offenses are not properly predicates for the career offender enhancement, they are part of the Defendant's history that warrants consideration under the § 3553(a) factors. The Court found a sentence within the Guidelines calculated with career offender enhancement to be excessive and greater than necessary to accomplish the goals of sentencing. The 144-month sentence falls within the applicable Guideline range absent the improperly-applied career offender enhancement—toward the bottom of the Guidelines as calculated, and toward the top of the Guidelines range calculated for methamphetamine mixtures. Following recalculation of the Guidelines, the § 3553(a) factors in this case do not support a below-Guidelines sentence, and a reduction would lead to unwarranted sentencing disparity, both with others convicted of similar conduct with similar criminal history, and with the co-Defendant in this case who received a 168-month sentence.

In short, because the Court varied downward to sentence the Defendant within the Guideline range applicable absent the career offender enhancement, the Court finds she cannot demonstrate that the precedent in *Campbell* establishing that her prior convictions are not proper

predicates for the career offender enhancement constitutes extraordinary and compelling circumstances, nor can the Court find that the § 3553(a) factors support a sentence reduction.

Accordingly, after careful consideration, the Court **ORDERS** that the letter-form *Motion* (Document 158) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 12, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA