IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.          CRIMINAL ACTION NO. 2:18-cr-00129-01

MARY HAYNES,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed a letter from the Defendant (Document 162), wherein she moves to be resentenced. Ms. Haynes' letter seeks to clarify that a previous letter, which the Court construed as a motion for compassionate release, was not intended to be a motion, and a subsequent Rule 60(b) motion seeking relief on a similar factual basis should, instead, be considered.

The Court's opinion addressing the construed motion for compassionate release details the factual and legal claims. In short, a recent decision by the Fourth Circuit, *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022), held that controlled substance attempt offenses are not proper predicates for the career offender guideline. Ms. Haynes was originally classified as a career offender based on predicate convictions that are now invalid under *Campbell*. Because the Court varied downward substantially to impose a sentence within the otherwise applicable Guideline range, based on consideration of factors under 18 U.S.C. §3553(a) that remain applicable, the Court found the § 3553(a) factors did not support a sentence reduction, and no

extraordinary and compelling circumstances existed to permit relief under 18 U.S.C. § 3582(c)(1)(A)(i).

Ms. Haynes had a pending 28 U.S.C. § 2255 petition, and both her original letter and her subsequent *Request for Motion 60(b)* (Document 160) were addressed in the *Proposed Findings and Recommendation* (Document 161), which the Court has adopted. Thus, the Court has found that § 2255 does not provide an avenue for relief for her claims regarding her improper career offender classification.

Ms. Haynes states that she "would like to be resentenced with the 'now' proper guidelines even if it doesn't change [her] sentence in months" because without the career offender enhancement, she "would be able to take more classes and programs" and would "be eligible for the time credit off for the First Step Act." (Letter at 1–2, Document 162.) Very limited avenues for relief are available to amend sentences in closed criminal cases. The Court has considered the two provisions potentially applicable to the career offender issue presented and determined that the facts presented do not meet the standard for relief under either 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

Accordingly, following careful consideration, the Court **ORDERS** that the Defendant's letter-form *Motion* to be resentenced (Document 162) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: May 12, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA