IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:18-cr-00129-01

MARY HAYNES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has received a letter-form *Motion* (Document 201) from the Defendant, construed as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The Court directed probation to submit a memorandum regarding the motion and both parties to submit briefs by August 22, 2025, and the Court has reviewed a memorandum from Probation, the *Response of the United States in Opposition to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Document 205) and exhibits, and a letter-form *Response* (Document 206) with exhibits from Ms. Haynes.

Ms. Haynes indicates that she is currently serving her sentence at Dismas Charities, a halfway house. She indicates that she has obtained full-time employment and is able to support herself. She requests early release to home confinement in order to provide caregiving services to her mother and has provided details of her mother's medical history. She further asserts that

---

[1] The Bureau of Prisons Inmate Locator indicates that Ms. Haynes' release date is December 17, 2027. Her location is currently listed as Pittsburgh RRM, reflecting the residential reentry management field office through which she is currently placed.

no other family is available to provide care for her mother because her father is disabled himself and her brother is an active drug user. She states that she has not made a request for compassionate relief through the Federal Bureau of Prisons and does not know how to do so.

The memorandum submitted by Probation indicates that Ms. Haynes' mother confirmed her health issues, including frequent medical appointments for a brain bleed and heart issues. Her mother's ex-husband assists with transportation, but is in poor health himself and unable to provide sufficient care. The memorandum indicates that Ms. Haynes received three disciplinary infractions for possession of drugs and alcohol during her incarceration, and was found in possession of Xanax while at Dismas Charities on June 13, 2025. Probation was further informed that Ms. Haynes was referred for early placement on home confinement, which could occur before the end of this calendar year.

The United States opposes compassionate release. It contends that Ms. Haynes failed to adequately demonstrate that she is the only caregiver available for her mother. The United States also expresses concern regarding Ms. Haynes' risk of relapsing into substance use absent the structure and services provided by Dismas. It further contends that the 18 U.S.C. § 3553(a) factors do not support a reduction in her sentence based on her criminal history and the quantity of drugs involved in her offense.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such

circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Fourth Circuit has held that a district court considering a motion for compassionate release must first "determine[] whether the defendant is eligible for a sentence reduction" by finding "that relief is warranted because of extraordinary and compelling reasons and consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024) (internal quotation marks omitted). The court then "considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Id.*

The United States Sentencing Guidelines provide that a term of imprisonment may be reduced upon a determination that "extraordinary and compelling reasons warrant the reduction…, the defendant is not a danger to the safety of any other person or the community…and the reduction is consistent with the policy statement." U.S.S.G. § 1B1.13(a). The policy statement further provides a list of circumstances that constitute extraordinary and compelling reasons, including terminal illness, certain other serious medical issues, certain infectious disease outbreaks or public health emergencies, aging related health problems in defendants 65 and over who have served 10 years or 75% of their sentence, family caregiving obligations, or sexual or physical abuse of the defendant while in custody by an individual with custody or control over the defendant. § 1B1.13(b)(1)-(4). In addition, other circumstances or combinations of circumstances of similar gravity may constitute extraordinary and compelling reasons.

Because Ms. Haynes concedes that she has not yet requested compassionate release from the warden, and the Court may only consider a sentence reduction after a defendant fully exhausts administrative remedies or after the lapse of 30 days from receipt of a request for relief from the warden, the Court finds that her motion must be denied. In addition, the Court notes that the information from Probation and the United States suggests that she may be eligible for home confinement in the coming months without interference from the Court, assuming she avoids further disciplinary infractions. Therefore, after careful consideration, the Court **ORDERS** that the Defendant's letter-form *Motion* (Document 201) be **DENIED without prejudice.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 2, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA